# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| DEANNA L. PARKES, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-99-NT |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the Appeals Council erred in assigning her a residual functional capacity ("RFC") for light work and in characterizing her past relevant work. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2008, Finding 1, Record at 26; that she suffered from coronary artery disease status post 2003 angioplasty and stent, mitral valve prolapse with mild mitral regurgitation, mild restrictive airway disease and diffusion

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

defect, early chronic obstructive pulmonary disease, and tobacco abuse in partial remission, impairments that were severe but which did not, considered alone or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P ("the Listings"), Findings 3-4, *id*. at 26-27;  that she retained the RFC to perform sedentary work, except that she must avoid climbing ladders, prolonged exposure to extreme cold, unprotected heights, and respiratory irritants such as  dust, fumes, and gases, Finding 5, *id*. at 27; that she was unable to perform any of her past relevant work, Finding 6, *id*. at 29; that, given her age (46 on the alleged date of onset, a younger individual), high school education, work experience, and RFC, and using the Medical-Vocation Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P ("the Grid"), as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that the plaintiff had, therefore, not been under a disability, as that term is defined in the Social Security Act, from December 18, 2003, through the date of the decision, Finding 11, *id.*

The plaintiff appealed from this decision to the Appeals Council, *id*. at 5, and that body issued a written decision, adopting many of the administrative law judge's findings, but also making the following different findings: that she retained the RFC to perform a range of light work with occasional climbing and balancing and no concentrated exposure to extreme cold or respiratory irritants; that her subjective complaints were not fully credible; that she could perform her past relevant work as a bookkeeper as that job is generally performed in the national economy; and that, alternatively, using Rules 202.21 and 202.14 of the Grid as a framework, there were jobs existing in significant numbers in the national economy that the plaintiff could perform.  *Id*. at 9.  Based upon these findings, the Appeals Council reached the same conclusion

as did the administrative law judge. *Id*. That decision is the final determination of the commissioner. 20 C.F.R. § 404.981.

## I. Discussion

### A. RFC -- Substantial Evidence

The plaintiff contends that the RFC assigned by the Appeals Council is not supported by substantial evidence, for two specific reasons. Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at 4-10. I will address each argument in the order presented.

#### 1. State Agency Physicians' Opinions

The plaintiff asserts that the opinions expressed by the state Disability Determination Service physicians are not supported by substantial evidence and that the Appeals Council's reliance on those opinions thereby renders its RFC assessment fatally flawed. *Id*. at 4-6. The Appeals Council said, in this regard:

> Significant weight is given to the opinions of the State agency medical consultants indicating that the claimant was capable of light work with occasional climbing and balancing, and no concentrated exposure to extreme could or respiratory irritants (Exhibits 10F and 12F). These opinions are consistent with the weight of the medical evidence, which reflects that the claimant had respiratory limitations, but that her coronary artery disease was well controlled, and she had little or no chest pain. Little weight is given to the opinion of S. J. Shannon, M.D., that the claimant is incapable of performing even sedentary work (Exhibit 14F). Dr. Shannon's opinion is inconsistent with the rest of the evidence of record, and is not supported by his own medical finding that the claimant's coronary artery disease "has been fairly stable" (Exhibit 14F/2).

Record at 6.

Specifically, the plaintiff points out that the state agency physicians did not have the benefit of her testimony at the hearing, certain pulmonary treatment records, and the work capacity assessment completed by her primary care provider, Dr. Shannon. Itemized Statement

3

at 4-5. However, a claimant's testimony is never available to the state agency physician reviewers, whose work is done at an earlier stage of the process of reviewing applications for benefits. If a claimant could require the commissioner to adopt her own testimony about the extent and effect of her impairments whenever that testimony conflicted with the findings of physicians who reviewed her medical records for the state disability service, there would be little role for such medical review. The plaintiff understandably cites no authority in support of this proposition.

The plaintiff does not explain how the pulmonary treatment records, found at pages 305-49 of the record, would necessarily result in a different RFC, and that difference is not readily apparent. Again, if a claimant could submit treatment records after the state agency reviewers had completed their reports, and thereby compel the commissioner to reject those opinions, the role of those medical reviewers would be severely undercut. This court requires a claimant relying on later-submitted records to make a showing that those records would have necessitated a change in the outcome of his or her application for benefits. *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *3 (D. Me. Mar. 29, 2011).

Finally, the plaintiff acknowledges that one of the state agency physicians did review the notes made by her primary care physician during 2006. Itemized Statement at 5. However, she faults the state agency physician for not explicitly addressing her subjective complaints that are recorded in those notes. *Id*. There is no requirement in regulation or case law that the physician address every one of a claimant's subjective symptoms in his or her assessment.

The plaintiff also complains that the state agency physician "offered no explanation why he assessed a light RFC including the ability to lift and/or carry 20 pounds for one-third of an eight-hour day and stand and/or walk six hours out of an eight-hour day." *Id*. at 6. First, both

at 4-5. However, a claimant's testimony is never available to the state agency physician reviewers, whose work is done at an earlier stage of the process of reviewing applications for benefits. If a claimant could require the commissioner to adopt her own testimony about the extent and effect of her impairments whenever that testimony conflicted with the findings of physicians who reviewed her medical records for the state disability service, there would be little role for such medical review. The plaintiff understandably cites no authority in support of this proposition.

The plaintiff does not explain how the pulmonary treatment records, found at pages 305-49 of the record, would necessarily result in a different RFC, and that difference is not readily apparent. Again, if a claimant could submit treatment records after the state agency reviewers had completed their reports, and thereby compel the commissioner to reject those opinions, the role of those medical reviewers would be severely undercut. This court requires a claimant relying on later-submitted records to make a showing that those records would have necessitated a change in the outcome of his or her application for benefits. *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *3 (D. Me. Mar. 29, 2011).

Finally, the plaintiff acknowledges that one of the state agency physicians did review the notes made by her primary care physician during 2006. Itemized Statement at 5. However, she faults the state agency physician for not explicitly addressing her subjective complaints that are recorded in those notes. *Id*. There is no requirement in regulation or case law that the physician address every one of a claimant's subjective symptoms in his or her assessment.

The plaintiff also complains that the state agency physician "offered no explanation why he assessed a light RFC including the ability to lift and/or carry 20 pounds for one-third of an eight-hour day and stand and/or walk six hours out of an eight-hour day." *Id*. at 6. First, both

state agency physical RFCs to which the Appeals Council opinion refers mention, Record at 287, 303, the consultative examination of the plaintiff by Dr. Robert Keenan on December 21, 2005, following which Dr. Keenan concluded that there would be "no apparent deficits in sitting, standing, bending, handling objects, hearing or speech[.]" *Id*. at 279. Thus, the limitations assigned by the state agency physician to these functions favor the plaintiff.

The plaintiff's selective quotation of language from *Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327 (D. Me. Nov. 6, 2008), Itemized Statement at 5, suggests that the opinion stands for the proposition that the conclusions of a state agency physician reviewer must always be rejected when a claimant later obtains a conflicting assessment from another physician, but that pushes the language of that opinion too far. The case law cited in support of the language quoted by the plaintiff, 2008 WL 4849327 at *5, makes clear that the weight to be given the later physician's conclusions varies with the circumstances, rather than always supplanting the state agency reviewer's opinion, as the plaintiff suggests. Under such circumstances, the administrative law judge, and presumably the Appeals Council, may still find the conclusions of the physician whose report is submitted later to be "inconsistent with other evidence of record." *Id*. at *6. That is what happened here.

It is true that Dr. Nielsen, the state agency physician whose assessment the plaintiff singles out for criticism, does not state the basis for his assignment to the plaintiff of a light work capacity rather than a sedentary capacity, but assessing RFC is the purpose of the physician's review of a claimant's medical records. The only opinion evidence proffered by the plaintiff on this issue is the post-hearing opinion of her treating physician, Dr. Shannon, which the administrative law judge requested. Both the administrative law judge and the Appeals Council stated their reasons for rejecting Dr. Shannon's conclusions, as required by Social Security

5

regulations. Record at 27-28, 6-7. Those reasons are sufficient, certainly in the case of the administrative law judge, and at least marginally so in the case of the Appeals Council.

Even if the Appeals Council's choice of a light exertional level must be rejected, however, the administrative law judge's finding of a sedentary exertional level is certainly supported by substantial evidence, and any error by the Appeals Council accordingly becomes harmless, if the finding that the plaintiff could work at the sedentary level as a bookkeeper is upheld, as discussed herein.[2]

### 2. Credibility

The plaintiff next contends that the Appeals Council's determination of her credibility is not supported by substantial evidence. Itemized Statement at 6-10. I agree that the Appeals Council's discussion of the plaintiff's credibility is insufficient. Its entire discussion of the issue is the following:

> The medical evidence and the claimant's own subjective complaints are most consistent with a light, rather than sedentary, residual functional capacity. For example, the claimant has alleged chest pains that last for only five or ten minutes, and that occur only approximately once per month (Exhibit 9F and Hearing Testimony). The Appeals Council finds the claimant's subjective complaints are not fully credible (20 CFR 404.1529 and Social Security Ruling 96-7p).

Record at 6-7.

First, this passage is internally inconsistent. If the plaintiff's subjective complaints are most consistent with the light RFC that the Appeals Council assigned to the plaintiff, as

---

[2] At oral argument, the plaintiff's attorney emphasized his contention that, because the plaintiff's fiftieth birthday occurred while her application was pending, a finding that she was capable of sedentary work would, by application of Rule 201.12 of the Grid, result in a finding of disability. Counsel for the commissioner replied that this would not be a foregone conclusion, as a determination about transferable skills would also be required, *id.*, and no such finding was made by either the administrative law judge, Record at 29, or the Appeals Council, *id.* at 8-9. That is correct, by the terms of the cited Rule. At best, the plaintiff would be entitled to remand on this issue. Counsel for the plaintiff also stated that, in making this argument, he did not waive the claim that the plaintiff was entitled to an award of benefits as of a much earlier date of onset.

illustrated by her testimony about chest pain, why is it necessary to discuss her credibility? From all that appears, the Appeals Council credited the plaintiff's testimony, rather than discounting it.

Next, one of the two authorities cited by the Appeals Council makes clear that its treatment of this topic is insufficient. Social Security Ruling 96-7p, entitled "Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements," provides, in relevant part:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.

Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011), at 133-34.

The Appeals Council's finding, quoted in full above, falls short of meeting this standard. This error appears to be harmless, however. As noted, the Appeals Council actually adopted the plaintiff's testimony, finding it "more consistent with a light, rather than sedentary, residual functional capacity." Record at 6. Even if the Appeals Council could reasonably be said to have discounted the plaintiff's credibility, and to have done so in a manner that affected the RFC that it assigned to the plaintiff, the error is still harmless so long as the administrative law judge's underlying decision is supported by substantial evidence.[3]

---

[3] Both parties cited *Seavey v. Heckler*, 594 F. Supp. 587 (D. Me. 1984), in their presentations on the subject of the plaintiff's credibility, but that case is best limited to its facts, which include the rejection by the Appeals Council of an administrative law judge's finding that a claimant's testimony was credible. In the case at hand, both the Appeals Council and the administrative law judge found the plaintiff to be less than fully credible.

7

## B. Past Relevant Work

The plaintiff next challenges the Appeals Council's conclusion that the plaintiff was capable of performing her past relevant work as a bookkeeper as that job is generally performed in the national economy. Record at 9. This conclusion is based on the statement of the plaintiff's representative to the administrative law judge that the work performed by the plaintiff was not properly identified by the title of bookkeeper. Itemized Statement at 10.

It is important to keep in mind when discussing past relevant work that the commissioner need only find that a claimant is capable of performing her past relevant work either as she performed it *or* as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2).[4] Thus, the plaintiff's testimony about the tasks she performed in addition to keeping the books, doing the payroll and banking, and doing the accounting, Itemized Statement at 11-12, is relevant only if the Appeals Council found that she was capable of returning to that job as she performed it.

As the Dictionary of Occupational Title confirms, the job of bookkeeper as it is performed in the national economy includes recording financial transactions, keeping accounts in journals or computer files, calculating employee wages, and preparing tax reports. Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. 1991), § 210.382-014, all tasks which it appears the plaintiff performed in her past work. The Appeals Council found that the plaintiff was capable of returning to this sedentary work as it is performed in the national economy.

---

[4] The Social Security Ruling cited by the plaintiff also makes this clear: "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 811. The plaintiff asserts that "SSR 82-62 precludes the Appeals Council's method of analysis in determining past relevant work[,]" Itemized Statement at 13, but the sentence from that Ruling which she then quotes does not apply to the means of analyzing or characterizing past relevant work, but rather to the "rationale for a disability decision." SSR 82-62 at 812-13.

Contrary to the plaintiff's argument, Itemized Statement at 12-13, her past relevant work was not necessarily a "composite job" with "significant elements of two or more occupations." Indeed, the very Social Security Ruling cited by the plaintiff on this point also states:

> A former job performed . . . by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

Social Security Ruling 82-61, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 838. This is an apt description of the instant case. Nothing in *Lyons v. Barnhart*, No. 03-47-B-W, 2004 WL 202837 (D. Me. Jan. 30, 2004), and *Noyes v. Barnhart*, No. Civ. 05-70-B-W, 2005 WL 3263940 (D. Me. Nov. 30, 2005),[5] the two cases cited in this connection by the plaintiff, without pinpoint citations, requires a different result. In fact, both opinions support what the Appeals Council did in this case. 2004 WL 202837 at *3 n.6; 2005 WL 3263940 at *3 & n.2. *See generally Teskey v. Astrue*, No. 1:10-cv-00758-JMS-MJD, 2011 WL 1636924, at *7 (S.D. Ind. Apr. 29, 2011).

Accordingly, even if the Appeals Council's assignment of an RFC for light work was error, that error was harmless, as the finding that the plaintiff could return to her past relevant work in the sedentary job of bookkeeper, as that job is usually performed in the national economy, was not erroneous. *See Klawinski v. Commissioner of Soc. Sec.*, 391 Fed. Appx. 772, 773-74, 2010 WL 3069718, at **3 (11th Cir. Aug. 6, 2010) (even when past relevant work is a "composite job," claimant must prove inability to perform excessive demands required by former

---

[5] The plaintiff cited the district court judge's affirmance of this opinion, at 2005 WL 3488341, which provides no discussion of the issue. I assume that the plaintiff meant to cite Magistrate Judge Cohen's recommended decision.

9

job and to perform demands and duties of position as generally required nationwide); *Cuzick v. Astrue*, No. 4:10CV928MLM, 2011 WL 2650584, at *10 (E.D. Mo. July 6, 2011) (same).

### C. Step 5

The plaintiff argues that the Appeals Council's alternative finding, at Step 5 of the sequential evaluation process, that the plaintiff was not disabled is erroneous because it is "premised on the assumption that the Plaintiff has a light-duty work capacity." Itemized Statement at 13-14. There is no need to reach this issue, as I have determined that any error made at an earlier step by the Appeals Council was harmless.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge